**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 07 - 20263 CR - LENARD / TORRES**

**18 U.S.C. § 241**
**18 U.S.C. § 1589**
**8 U.S.C. § 1324(a)(1)(A)(iii)**
**18 U.S.C. § 2**
**18 U.S.C. § 982(a)(6)**
**18 U.S.C. § 1594**
**21 U.S.C. § 853**

**UNITED STATES OF AMERICA**

**vs.**

**MAUDE PAULIN,**
**a/k/a Maude Theodore,**
**EVELYN THEODORE,**
**a/k/a Evelyne Theodore,**
**CLAIRE TELASCO, and**
**SAINTFORT PAULIN,**

**Defendants.**
_______________________________/

# INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. S.C. was a female Haitian national. In 1999, S.C. was a fourteen-year-old orphan living at the D'Amitie orphanage in Ranquitte, Haiti.

2. Defendant EVELYN THEODORE was the mother of defendants MAUDE PAULIN and CLAIRE TELASCO. From at least 1999 to at least on or about June 14, 2005, EVELYN THEODORE owned the D'Amitie orphanage.

3/cg

3. From at least 1999 to in or about 2003, defendant MAUDE PAULIN was married to defendant SAINTFORT PAULIN.

4. From at least 1999 to at least on or about June 14, 2005, defendants MAUDE PAULIN and EVELYN THEODORE lived in the same house located at 19705 SW 87th Place, Miami, Florida. Defendant SAINTFORT PAULIN lived at 19705 SW 87th Place, Miami, Florida, from at least 1999 to in or about February 2003.

5. From at least 1999 to at least or about June 14, 2005, defendant CLAIRE TELASCO lived at 2737 SW 133rd Avenue, Miramar, Florida.

**COUNT ONE**

1. The General Allegations portion of this Indictment is incorporated by reference as though fully set forth herein.

2. Beginning on or about July 1, 1999, and continuing through on or about June 14, 2005, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MAUDE PAULIN,**
**a/k/a Maude Theodore,**
**EVELYN THEODORE,**
**a/k/a Evelyne Theodore, and**
**CLAIRE TELASCO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to injure, oppress, threaten, and intimidate S.C. in the free exercise and enjoyment of the right secured to her by the Constitution and laws of the United States, that is, the right to be free from slavery and involuntary servitude, pursuant to the Thirteenth Amendment to the Constitution.

**Object of the Conspiracy**

3. The object of the conspiracy was to force S.C. to provide labor and services for the defendants.

**Manner and Means of Conspiracy**

4. It was part of the conspiracy that while S.C. was living at the D'Amitie orphanage in Ranquite, Haiti, defendant EVELYN THEODORE told S.C. that she was to go the United States to live with and work for defendant MAUDE PAULIN.

5. It was further part of the conspiracy that the defendants MAUDE PAULIN and EVELYN THEODORE arranged with others known and unknown to the Grand Jury to transport S.C. into the United States from Haiti without obtaining prior official authorization for S.C. to come to, enter, and reside in the United States.

6. It was further part of the conspiracy that the defendants MAUDE PAULIN and EVELYN THEODORE, knowing that S.C. had not obtained prior official authorization to come to, enter, and reside in the United States, harbored S.C. in their house at 19705 SW 87th Place, Miami, Florida, for the purpose of private financial gain.

7. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO forced S.C. to work as a domestic servant in their houses and in other residences for approximately fifteen hours per day for seven days each week without compensation.

8. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO struck S.C. with hands, closed fists, and other objects in order to compel S.C. to work as a domestic servant in their houses and in other residences.

9. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO continually warned and threatened S.C. that she would be jailed or deported if S.C. informed law enforcement, other authorities, or other people about the working and living conditions to which the defendants subjected her.

10. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO isolated S.C. by forbidding her to talk on the phone, make new acquaintances, or leave the defendants' houses by herself, and by requiring S.C. to remain in a closet or garage when guests would visit the defendants' houses.

11. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO failed to enroll S.C. in school or to otherwise provide S.C. with formal education.

12. It was further part of the conspiracy that the defendants MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO deprived S.C. of basic hygienic necessities by, among other things, failing to provide S.C. with any medical care and requiring S.C. to bathe in the backyard with a garden hose.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO

1. The General Allegations portion of this Indictment is incorporated by reference as though fully set forth herein.

2. Beginning on or about October 29, 2000, and continuing through on or about June 14, 2005, the exact dates being unknown to the Grand Jury, at Miami-Dade County in the Southern District of Florida and elsewhere, the defendants,

**MAUDE PAULIN,**
**a/k/a Maude Theodore,**
**EVELYN THEODORE,**
**a/k/a Evelyne Theodore, and**
**CLAIRE TELASCO,**

did knowingly provide and obtain the labor and services of S.C., (a) by threats of serious harm to, or physical restraint against, S.C.; (b) by means of a scheme, plan, and pattern intended to cause S.C. to believe that, if S.C. did not perform such labor and services, S.C. would suffer serious harm and physical restraint; and (c) by means of the abuse or threatened abuse of law ~~of~~ or the legal process.

All in violation of Title 18, United States Code, Sections 1589 and 2.

## COUNT THREE

1. The General Allegations portion of this Indictment is incorporated by reference as though fully set forth herein.

2. Beginning on or about the August 21, 1999, and continuing through on or about June 14, 2005, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**MAUDE PAULIN,**
**a/k/a Maude Theodore,**
**EVELYN THEODORE,**
**a/k/a Evelyne Theodore, and**
**SAINTFORT PAULIN,**

knowing and in reckless disregard of the fact that S.C., a female alien from Haiti, had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection, and attempt to conceal, harbor, and shield from detection, S.C. in their house at 19705 SW 87th Place, Miami, Florida, and in other places, and did so for the purpose of commercial advantage and private financial gain.

All in violation Title 8, United States Code, Section 1324(a)(1)(A)(iii), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. The General Allegations and the allegations of Counts 2 and 3 of this Indictment are re-alleged and by this reference fully reincorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Sections 982(a)(6) and 1594(b), and the procedures set forth at Title 21, United States Code, Section 853.

2. Upon conviction of the offense alleged in Count Two of this Indictment, the defendants, **MAUDE PAULIN, EVELYN THEODORE, and CLAIRE TELASCO**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(b), all property, real and personal: (1) that was used or intended to be used to commit or to facilitate the commission of such offense; and (2) constituting or derived from proceeds obtained, directly or indirectly, as a result of such offense.

3. Upon conviction of the offense alleged in Count Three of this Indictment, the defendants, **MAUDE PAULIN, EVELYN THEODORE, and SAINTFORT PAULIN**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6): (1) all conveyances, including any vessel, vehicle, or aircraft, used in the commission of the offense; (2) all property, real and personal, that constitutes, or is derived from, or is traceable to the proceeds obtained, directly or indirectly, from the commission of such offense; and (3) all property, real and personal, that was used, or intended to be used, to facilitate the commission of such offense.

4. The property subject to forfeiture includes, but is not limited to, the real property located at 19705 SW 87th Place, Miami, Florida, which is titled in the name of defendant MAUDE PAULIN.

5. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant(s) up to the value of the property described in subparagraph (4) above.

A TRUE BILL

for ~~R.~~ ALEXANDER ACOSTA, SLC
UNITED STATES ATTORNEY

BRENT TANTILLO
ASSISTANT UNITED STATES ATTORNEY

WAN J. KIM
ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

EDWARD K. CHUNG
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** **CASE NO.** ____________________

**vs.**

**MAUDE PAULIN, *et. al.***
**Defendants.** ____________________/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

**Court Division:** (Select One)

X Miami ___ Key West ___ FTL ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect ____________________
4. This case will take 4-5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) No
If yes:
Judge: ____________________ Case No. ____________________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) No
If yes:
Magistrate Case No. ____________________
Related Miscellaneous numbers: ____________________
Defendant(s) in federal custody as of ____________________
Defendant(s) in state custody as of ____________________
Rule 20 from the ____________________ District of ____________________

Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes x No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes x No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes x No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ? ___ Yes x No

[signature]
BRENT S. TANTILLO
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501027

Penalty Sheet(s) attached

REV.1/14/04

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** MAUDE PAULIN **Case No:**________________

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

***Max. Penalty:** 10 Years' Imprisonment

Count #: 2

Forced Labor

Title 18, United States Code, Section 1589 and 2

***Max. Penalty:** 20 Years' Imprisonment

Count #: 3

Bringing in and harboring certain aliens

Title 8, United States Code, Section 1324(a)(1) and 2

***Max. Penalty:** 10 Years' Imprisonment

Count #:

________________

________________

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **EVELYN THEODORE** **Case No:**

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

***Max. Penalty:** 10 Years' Imprisonment

Count #: 2

Forced Labor

Title 18, United States Code, Section 1589 and 2

***Max. Penalty:** 20 Years' Imprisonment

Count #: 3

Bringing in and harboring certain aliens

Title 8, United States Code, Section 1324(a)(1) and 2

***Max. Penalty:** 10 Years' Imprisonment

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **CLAIRE TELASCO** **Case No:**____________________

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

***Max. Penalty:** 10 Years' Imprisonment

Count #: 2

Forced Labor

Title 18, United States Code, Section 1589 and 2

***Max. Penalty:** 20 Years' Imprisonment

Count #:

***Max. Penalty:**

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** SAINTFORD PAULIN **Case No:**____________________

Count #: 3

Bringing in and harboring certain aliens

Title 8, United States Code, Section 1324(a)(1) and 2

***Max. Penalty:** 10 Years' Imprisonment

Count #:

***Max. Penalty:** 20 Years' Imprisonment

Count #:

***Max. Penalty:** 20 Years' Imprisonment

Count #:

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**